UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CODY I. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-0389-CVE-PJC |
| | ) |
| CITY OF BARTLESVILLE, OKLAHOMA | ) |
| and FOP LODGE NO. 117, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant City of Bartlesville's Motion to Dismiss (Dkt. # 8). Defendant City of Bartlesville, Oklahoma (the City) asks the Court to dismiss plaintiff's claims under the Freedom on Information Act, 5 U.S.C. § 552 (FOIA), and the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 (USERRA), as well as plaintiff's state law claims for public disclosure of private information and intentional infliction of emotional distress. Dkt. # 8, at 1. Plaintiff concedes that his FOIA and USERRA claims should be dismissed without prejudice, but he requests leave to amend to allege a state law claim under the Oklahoma Open Records Act, OKLA. STAT. tit. 51, § 24A.1 et seq. (OORA), and to re-allege his USERRA claim. Dkt. 9, at 1-2, 5. Plaintiff opposes defendant's motion in all other respects.

**I.**

Plaintiff Cody I. Thomas was hired by the City as a police officer in 2009. Dkt. # 2, at 1. Thomas is a Hispanic male and claims that he was subjected to ongoing and systematic harassment and ridicule because of his national origin. Thomas complained to his immediate supervisors and the chief of police, and he claims that he was denied promotions and his salary was reduced in

retaliation for reporting alleged discrimination. Id. at 2. He also claims that his supervisors maintained a secret personnel file containing information that could be used to his detriment, and that they have failed to produce the secret personnel file, even though Thomas has repeatedly requested this information. Id. at 2, 6. Thomas continued to report alleged harassment to his supervisors and the Fraternal Order of Police Lodge No. 117 (FOP), and he claims that he was sent for "remedial training" in retaliation for reporting discrimination. Id. at 3. Thomas' supervisors allegedly told him that the Bartlesville Police Department was a "paramilitary organization," and it would use harassment as a means to "break him down." Id. at 4. He claims that the City has "adopted a system of personnel decisions . . . which promote discrimination in the workplace . . . and encourage retaliation by supervisors . . . ." Id. at 5. Thomas is a member of the United States Coast Guard Reserve and he requested time off to travel to his duty station for training. Id. at 7. Thomas claims that his supervisors denied his requests for the full amount of leave necessary for him to travel to his duty station unless he used vacation or holiday time. Id. He alleges that this policy is the equivalent of a denial of compensation and harms his family by preventing Thomas from using all of his vacation and holiday leave for personal purposes. Id. Thomas alleges that his employment as a police officer was terminated and that he "was first paraded from the squad room to the parking lot by a supervisor on directions from the Police Chief." Id. at 8. He claims that "the City Manager and Human Resources director jubilantly celebrated the event in front of Plaintiff" when he went to City Hall to sign his termination papers. Id.

Thomas filed a charge of discrimination with the Equal Employment Opportunity Commission and a right-to-sue letter was sent to him on May 19, 2011. Id. at 10. On June 21, 2011, Thomas filed this case against the City and the FOP alleging six claims for relief: (1) hostile work

2

environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII); (2) national origin discrimination in violation of Title VII; (3) violation of FOIA for failing to turn over secret personnel file; (4) public disclosure of private information in violation of Oklahoma law; (5) employment discrimination in violation of USERRA; and (6) intentional infliction of emotional distress. Thomas requests $3,000,000 in actual damages and $3,000,000 in punitive damages. Id. at 8. The City waived service of process and filed a motion to dismiss some of Thomas' claims. Dkt. # 8.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not

3

accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

The City asks the Court to dismiss four of plaintiff's claims under Rule 12(b)(6). Dkt. # 8. Plaintiff concedes that his FOIA and USERRA claims should be dismissed but argues that he has stated claims for public disclosure of private information and intentional infliction of emotional distress. Dkt. # 9. He also asserts that he should be permitted to substitute his FOIA claim with a claim for money damages under the OORA. Id. at 2. If the Court should grant the City's motion to dismiss, plaintiff requests leave to file an amended complaint re-alleging some or all of his claims. Id. at 4-6. The City has filed a reply in support of its motion to dismiss, and requests that the Court grant its motion and deny plaintiff's request for leave to amend. Dkt. # 10.

### A.

The City asks the Court to dismiss plaintiff's FOIA claim, because FOIA applies only to the federal government and not to municipalities such as the City. Dkt. # 8, at 4-5. Plaintiff concedes that the City's statement of the applicable law is correct, and he does not oppose the City's request to dismiss his FOIA claim. Dkt. # 9, at 1-2. However, plaintiff requests leave to file an amended complaint adding a claim under the OORA, and he intends to seek money damages for an alleged violation of the OORA. Under OKLA. STAT. tit. 51, § 24A.17, any person may "bring a civil suit for declaratory or injunctive relief, or both," but the statute does not expressly create a private right of action for money damages. In Shero v. City of Grove, Oklahoma, 2006 WL 3196270 (N.D. Okla.

4

Nov. 2, 2006), the Court held that the OORA specifically identifies what remedies are available for an alleged failure to provide access to state governmental records and implying a private right of action for money damages would be inconsistent with the plain language of the OORA. Id. at *9. Plaintiff cites no authority in support of his request to bring a claim for money damages under the OORA, and the statute is clear that such a claim is not authorized. Plaintiff's FOIA claim will be dismissed, but he may file an amended complaint asserting a claim under the OORA for declaratory and/or injunctive relief only.

**B.**

The City argues that plaintiff has not alleged sufficient facts to state a claim for public disclosure of private information under Oklahoma law, because plaintiff does not identify the nature of the private information allegedly disclosed or allege that the City made a "public" disclosure of any information. Dkt. # 8, at 5-7. Plaintiff responds that state law claims are not subject to the "same scrutiny as anti-trust or national security matters," and he has generally identified the grounds for this claim. Dkt. # 9, at 5.

Oklahoma law recognizes the four types of invasion of privacy claims set forth in Restatement of Torts (Second) § 652A:

(a) unreasonable intrusion upon the seclusion of another.

(b) appropriation of the other's name or likeness.

(c) unreasonable publicity given to the other's private life.

(d) publicity that unreasonably places the other in a false light before the public.

McCormack v. Oklahoma Pub. Co., 613 P.2d 737, 739 (Okla. 1980). To support a claim for invasion of privacy, the disclosure must be of a kind that "(a) would be highly offensive to a

5

reasonable person and (b) is not of legitimate concern to the public." Sturgeon v. Retherford Publications, Inc., 987 P.2d 1218, 1226 (Okla. Civ. App. 1999). The "publicity" requirement of a false light invasion of privacy claim is met only when a "matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge . . . ." Hadnot v. Shaw, 826 P.2d 978, 986 n.31 (Okla. 1992).

Plaintiff's claim for public disclosure of private information should be dismissed for failure to state a claim. Plaintiff alleges that the City maintained a secret personnel file and information in this file was disclosed to members of the Bartlesville Police Department "for the purpose of FOP grievances, promotions, discipline and termination." Dkt. # 2, at 6. This does not give defendant notice of the personal information about plaintiff that was allegedly disclosed. In addition, the mere fact that personal information about plaintiff was disclosed is not sufficient to state a claim, because plaintiff must also allege that the disclosure would have been "highly offensive to a reasonable person." Colbert v. World Publishing Co., 747 P.2d 286 (Okla. 1987). The allegations of the complaint also raise an issue as to the "public" nature of the disclosure. Plaintiff seems to be alleging that information in his personnel file was disclosed to other police officers for the purpose of making a personnel decision, but this suggests that the disclosure was not to the general public and was for a legitimate purpose. See McCormack, 613 P.2d at 741. Viewing the allegations of the complaint in a light most favorable to plaintiff, there is no basis to infer that the City made an improper disclosure of plaintiff's personal information to the general public or communicated information about plaintiff in such a way that it was likely to reach the general public, and plaintiff has not adequately stated an invasion of privacy claim under Oklahoma law. Plaintiff will be

6

granted leave to file an amended complaint re-alleging this claim, but he should do so only if he can state a plausible claim.

## C.

The City asks the Court to dismiss plaintiff's USERRA claim under Rule 12(b)(6) without granting plaintiff leave to amend. Dkt. # 8, at 7-8; Dkt. # 10, at 4. Plaintiff "stipulates to the dismissal of his claim under [USERRA] as pled and requests permission to amend his complaint in order to more clearly set forth the discriminatory and preferential treatment [the City] provided to other similarly situated employees." Dkt. # 9, at 5.

Under USERRA, an employer is prohibited from discriminating against a servicemember by denying "initial employment, reemployment, retention in employment, promotion, or any benefit of employment" because of the servicemember's status as a member of the uniformed services or any obligations required by such service. 38 U.S.C. § 4311(a). An employer engages in unlawful discrimination if a person's "membership, application for membership, service, application for service, or obligation for service is a motivating factor in the employer's action . . . ." Id. at § 4311(c)(1). USERRA does not require an employer to provide a servicemember preferential treatment or workplace accommodations, but an employer must treat servicemembers and non-servicemembers equally. Sandoval v. City of Chicago, Illinois, 560 F.3d 703, 704-05 (7th Cir. 2009).

Plaintiff's complaint does not state a claim under USERRA and this claim should be dismissed. Plaintiff alleges that he was required to take vacation or holiday leave when traveling to his duty station, and he was "denied his full benefits to vacation or holiday time, to the detriment of the Plaintiff and his family." Dkt. # 2, at 7. This allegation does not tend to show that the City

7

discriminated against plaintiff for taking leave to fulfill his duties as a reservist in the United States Coast Guard. At most, it expresses plaintiff's disagreement with the amount of military leave he was granted, but it does not show that he was treated differently than other employees because of his military service. Plaintiff has requested leave to file an amended complaint realleging his USERRA claim and the City opposes plaintiff's request. The Court notes the City's opposition but finds that plaintiff should be granted leave to amend. Plaintiff states that he intends to assert additional facts describing the preferential treatment provided to non-servicemember employees and the discriminatory conduct directed toward plaintiff, and this gives the Court sufficient notice of the grounds for plaintiff's proposed amendment. See Calderon v. Kansas Dep't of Soc. & Rehabilitation Servs., 181 F.3d 1180, 1186 (10th Cir. 1999).

**D.**

The City argues that plaintiff's intentional infliction of emotional distress claim should be dismissed, because a municipal entity cannot be held liable under Oklahoma law if the plaintiff's claim is based on allegations that a municipal employee acted in bad faith. Dkt. # 8, at 10-13. Plaintiff does not respond to this argument but, instead, argues that he has alleged enough facts to state a claim of intentional infliction of emotional distress. Dkt. # 9, at 6.

Oklahoma courts have recognized a cause of action for intentional infliction of emotional distress, also known as the tort of outrage. See Gaylord Entertainment Co. v. Thompson, 958 P.2d 128, 149 (Okla. 1998). The action is governed by the narrow standards laid out in the Restatement Second of Torts, § 46. Id. In Breeden v. League Services Corp., 575 P.2d 1374 (Okla. 1978), the Oklahoma Supreme Court explained:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

Id. at 1376. To state a claim, a plaintiff must allege that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." Schovanec v. Archdiocese of Oklahoma City, 188 P.3d 158, 175 (Okla. 2008) (quoting Computer Publ'ns, Inc. v. Welton, 49 P.3d 732, 735 (Okla. 2002)). Under Oklahoma law, the trial court must assume a "gatekeeper role" and make an initial determination that the defendant's conduct "may be reasonably regarded as sufficiently extreme and outrageous to meet the Restatement § 46 standards." Trentadue v. United States, 397 F.3d 840, 856 n.7 (10th Cir. 2005) (applying Oklahoma law). If reasonable persons could reach differing conclusions in the assessment of the disputed facts, the Court should submit the claim to the jury to determine whether the defendant's conduct could result in liability. Id. The Court is to make a similar threshold determination with regard to the fourth prong, the presence of severe emotional distress. Id.

A governmental entity, such as the City, is liable for the acts of its employees only to the extent that its employees acted within the scope of their employment and in good faith. Fehring v. State Ins. Fund, 19 P.3d 276, 284 (Okla. 2001); McMullen v. City of Del City, 920 P.2d 528, 529 (Okla. Civ. App. 1996). A claim of intentional infliction of emotional distress must be predicated on the intentional and bad faith act of an employee, and such a claim is not cognizable against a governmental entity as a matter of Oklahoma law. Lopez v. City of Tulsa, Oklahoma, 2010 WL

9

3825395 (N.D. Okla. Sep. 27, 2010); Muskrat v. Deer Creek Public Schools, 2010 WL 356659, *2 (W.D. Okla. Jan. 27, 2010). Plaintiff states that the City's motion "sets forth accurately the Oklahoma law in regard to Plaintiff's claim for intentional infliction of emotional distress," but then he attempts to argue that he has stated a claim for intentional infliction of emotional distress. Plaintiff does not directly respond to defendant's argument, but it is clear that he may not proceed with his claim of intentional infliction of emotional distress against the City. The Court finds that plaintiff's intentional infliction of emotional distress claim should be dismissed and plaintiff may not re-allege this claim in an amended pleading.

**IT IS THEREFORE ORDERED** that Defendant City of Bartlesville's Motion to Dismiss (Dkt. # 8) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint realleging his USERRA claim and state law claim for public disclosure of private information, and alleging an OORA claim for injunctive or declaratory relief only, no later than **November 3, 2011**.

**DATED** this 28th day of October, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE<br>UNITED STATES DISTRICT COURT