UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CODY I. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-0389-CVE-PJC |
| | ) |
| CITY OF BARTLESVILLE, OKLAHOMA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. # 22). Plaintiff requests leave to file a second amended complaint adding a retaliation claim under 42 U.S.C. § 1983. He also seeks to "amend the complaint from discriminatory 'termination' to discriminatory 'discharge,' and to adjust the damages as a result of the arbitration proceedings." Dkt. # 22, at 1. Defendant City of Bartlesville, Oklahoma (the City) objects to plaintiff's motion on the grounds that plaintiff's request is untimely and futile.

On June 21, 2011, Cody Thomas filed this case alleging that the City and Bartlesville FOP Lodge No. 117 terminated his employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 (USERRA), and Oklahoma law, and he also alleged a claim under the Freedom of Information Act, 5 U.S.C. § 552. Defendant filed a motion to dismiss plaintiff's USERRA, FOIA, and state law claims, and the Court granted defendant's motion. See Dkt. # 11. The Court also granted plaintiff leave to amend and reallege certain claims, but plaintiff filed an amended complaint (Dkt. # 12) alleging Title VII claims only. The Court entered a scheduling order (Dkt. # 16) setting, inter alia, a deadline of January 18, 2012 for the parties to file motions for

joinder of additional parties and/or to amend pleadings, and a discovery cutoff of April 2, 2012. On March 23, 2012, plaintiff filed this motion to amend, but the motion does not reference the Court's deadline for filing a motion to join parties or amend pleadings and he offers no explanation for his delay in filing a motion to amend.

Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires." Bradley v.Val-Majias, 379 F.3d 892, 900-91 (10th Cir. 2004). Leave to amend may be denied if the proposed amendment would be futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999). Denial of a motion to amend may also be appropriate if the moving party unduly delayed when seeking leave to amend and has no adequate explanation for the delay. Minter, 451 F.3d at 1206. A motion to amend is subject to denial when the "party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint . . . ." Frank v. U.S. West, Inc., 3 F.3d 1357, 1366 (10th Cir. 1993) (quoting Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990)).

Plaintiff requests leave to add a retaliation claim under § 1983, because he filed a union grievance and the City allegedly interfered with his First Amendment right to freedom of association. Dkt. # 22-1, at 6. The Tenth Circuit has held the "First Amendment freedom of association protect[s] public employees from retaliation for participation in a union with which their

employers have signed a collective-bargaining agreement." Shrum v. City of Coweta, Oklahoma, 449 F.3d 1132, 1139 (10th Cir. 2006). A public employee is not required to show that his association with the union involves a matter of public concern in order to state a First Amendment retaliation claim against his employer. Merrifield v. Bd. of County Commr's for County of Santa Fe, 654 F.3d 1073, 1084 (10th Cir. 2011). Plaintiff's proposed claim may not be futile and it may be possible for him to state a § 1983 claim. However, he has made no attempt to explain why this claim was not alleged in his original or amended complaints. The proposed § 1983 claim appears to be based on facts known to plaintiff when he filed this case, and he is not asserting that he recently discovered new evidence giving rise to a § 1983 claim. Denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay." Minter, 451 F.3d at 1206 (quoting Frank, 3 F.3d at 1365-66). Plaintiff has no explanation for the delay in filing a motion to amend, and this is a sufficient reason to deny his motion. Birmingham v. Experian Information Solutions, Inc., 633 F.3d 1006, 1020-21 (10th Cir. 2011). Plaintiff's motion was also filed well after the deadline to file motions to join additional parties or amend pleadings, and he has not asked for relief from the scheduling order. Under Fed. R. Civ. P. 16(b)(4), a party seeking to modify the scheduling order must show good cause. Plaintiff fails to even acknowledge that his motion to amend was filed more than two months after the applicable deadline expired and on the eve of the discovery cutoff, and he has not shown good cause to extend the deadline to file motions to join parties or amend pleadings.

Plaintiff also requests leave to amend his complaint to substitute the term "discharge" for "termination" and to "adjust the damages as a result of the arbitration proceeding." Dkt. # 22, at 1. These requests are also untimely, and plaintiff offers no explanation for his delay in seeking leave

to make these amendments. In addition, plaintiff fails to explain why either proposed amendment is necessary. As to plaintiff's request to substitute "discharge" for "termination," both terms convey that plaintiff was fired by his employer, and the Court cannot identify any legally significant difference between "discharge" and "termination." Plaintiff also requests leave to amend his pleadings to "adjust the damages as a result of the arbitration proceeding." Plaintiff's one page motion to amend does not describe the arbitration proceeding and how it gave rise to his request to "adjust the damages," and he also fails to explain what amendments to his demand for damages he would make in a second amended complaint. Plaintiff's motion to amend fails to adequately describe the factual and legal basis for these proposed amendments, and plaintiff's motion to amend should be denied in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. # 22) is **denied**.

**DATED** this 9th day of May, 2012.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE